UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL R. SHAW, *Individually and as parent and natural guardian of M.S., an infant*,

                        Plaintiff,

v.

**DECISION AND ORDER**
07-CV-205S

NCO Financial Systems, Inc.,

                        Defendant.

## I. INTRODUCTION

On March 29, 2007, Plaintiff Michael R. Shaw commenced this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., on behalf of himself and his minor child by filing a Complaint in the Western District of New York. (Docket No. 1.) Plaintiff was represented by counsel until December 13, 2007, at which time counsel was permitted to withdraw because Plaintiff no longer communicated with him. (Docket No. 17.)

Presently before this Court is Defendant's Motion to Dismiss for Lack of Prosecution under Rule 41.2 of the Local Rules of Civil Procedure for the Western District of New York.[1] Plaintiff has failed to respond to Defendant's motion, despite being afforded two opportunities to do so. For the reasons stated below, Defendant's motion will be granted and this case will be dismissed for failure to prosecute.

---

[1] Defendant's motion is also considered under Rule 41 of the Federal Rules of Civil Procedure.

## II.  BACKGROUND

Approximately six months after Plaintiff filed his Complaint in this action, he stopped communicating with his attorney.  This prompted a Motion to Withdraw by Plaintiff's counsel, in which counsel explained that Plaintiff had (1) not responded to several attempts to communicate with him, (2) not responded to telephone calls, and (3) not responded to letters, which were sent by both first class and certified mail. (Hiller Affirmation, Docket 15-2, ¶ 3.[2])

Upon the filing of Plaintiff's counsel's motion, the assigned Magistrate Judge issued an Order directing Plaintiff to respond to the motion by November 30, 2007, and to appear for a hearing on December 13, 2007. (Docket No. 16.)  Plaintiff neither responded nor appeared as directed.  Consequently, the Magistrate Judge granted the Motion to Withdraw and determined that Plaintiff was thereafter proceeding pro se. (Docket No. 17.)

On December 17, 2007, Defendant filed the instant Motion to Dismiss for Lack of Prosecution. (Docket No. 18.)  This Court issued a scheduling Order on January 9, 2008, directing Plaintiff to file a response to Defendant's motion by February 15, 2008, and warning him that his failure to respond could result in the granting of Defendant's motion as uncontested and the dismissal of his case for failure to prosecute. (Docket No. 19.)  Plaintiff failed to respond as directed.

On April 23, 2008, this Court *sua sponte* extended Plaintiff's time to respond to Defendant's motion to May 23, 2008, and again warned Plaintiff that his failure to respond could result in Defendant's motion being granted as unopposed. (Docket No. 20.)  Plaintiff

---

[2] This affidavit is miscaptioned as "Affirmation of Amanda R. Jordan."

again failed to file a response to Defendant's motion.

## III. DISCUSSION

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where a defendant has not specifically moved for dismissal under Rule 41(b) — such as in this case[3] — a court may nonetheless order dismissal *sua sponte*. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[4] Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no

---

[3] Defendant cites only Local Rule 41.2 as the basis of its motion.

[4] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

**A.      Duration of Failures**

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for

failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute. He has not been in contact with his attorney nor has he responded to his attorney's or this Court's efforts to contact him. Plaintiff has also not complied with this Court's Orders directing that he file responses and appear for hearings. With respect to duration, Plaintiff's inaction, which began no later than December 17, 2007, has caused unnecessary delay of more than one year. This is a failure of significant duration. See, e.g., Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. All delay in this case is attributable to Plaintiff and is of significant duration.

**B.  Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, Plaintiff has had sufficient notice that his failure to proceed with this action could result in dismissal. Plaintiff received notice of his counsel's Motion to Withdraw, and this Court twice warned Plaintiff that his failure to prosecute could lead to dismissal of his case. (Docket Nos. 16, 19, 20.) Because Plaintiff was on sufficient notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

**C.    Prejudice to Defendant**

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendant in this case may be presumed. The delay has been significant and Plaintiff twice failed to respond to Defendant's motion as directed. Thus, this factor weighs in favor of dismissal.

**D.    Balance between Calendar Congestion and Due Process Rights**

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction caused the Magistrate Judge to conduct a hearing (at which Plaintiff did not appear) and this Court to issue several Scheduling Orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court further notes that Plaintiff has been afforded Due Process rights in that

he has been provided numerous opportunities to prosecute this case and comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

**E.      Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter and thus, no intention to comply with this Court's Orders. Plaintiff has not cooperated with his attorney, has not meaningfully participated in this litigation, and has repeatedly failed to respond to Defendant's motion. Given the history of this case and the passage of time, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

. . .

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

For the reasons stated above, this case will be dismissed for failure to prosecute pursuant to Rule 41(b).

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 18) is GRANTED and this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: March 31, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge